UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

DONALD L.,

                  Plaintiff,

    v.

NANCY A. BERRYHILL, Deputy
Commissioner of Social Security for
Operations,

                Defendant.

CASE NO. 3:17-CV-05916-JLR-JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

NOTING DATE: October 15, 2018

      This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. Dkt. 10, 16, 17.

      After considering and reviewing the record, the Court concludes that the Administrative Law Judge ("ALJ") erred by giving significant weight to opinions of state agency psychological consultants, Edward Beaty, Ph.D. and Eugene Kester, M.D, but ignoring portions of their

1  opinions related to plaintiff's adaption limitations. As the ultimate disability decision may have

2  changed, the ALJ's error is not harmless.

3     The undersigned recommends that this matter be reversed and remanded pursuant to

4  sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security

5  ("Commissioner") for further proceedings consistent with this Order. Because the ALJ's error

6  affects the entire proceedings and plaintiff will be able to present new evidence and new

7  testimony on remand, and the ALJ must re-evaluate all of the medical evidence, the residual

8  functional capacity ("RFC"), and the findings at steps four and five, if necessary.

9                                    BACKGROUND

10    Plaintiff was born in 1953 and was 59 years old on the alleged date of disability onset of

11  October 10, 2013. *See* AR. 195-96. Plaintiff completed three years of college. AR. 60-61.

12  Plaintiff has work experience as an insurance claims adjuster and customer service

13  representative.  AR 56-70, 223-34.

14    According to the ALJ, plaintiff has at least the severe impairments of "cervical

15  degenerative disc disease; diabetes mellitus, type 2; peripheral neuropathy; dyslipidemia, history

16  of transient ischemic attach (TIA), resolved; hypertension, chronic obstructive pulmonary

17  disease (COPD); status post myocardial infarction March 2016; and depression (20 CFR

18  404.1520(c))." AR. 22.

19                                PROCEDURAL HISTORY

20    Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. §

21  423 (Title II) of the Social Security Act was denied initially and following reconsideration. AR.

22  104-16, 117-31. Plaintiff's requested hearing was held before ALJ Richard Geib ("the ALJ") on

23

24

1    April 6, 2016. AR. 51-102. On June 24, 2016, the ALJ issued a written decision in which the

2    ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 17-40.

3        On September 5, 2017, the Appeals Council denied plaintiff's request for review, making

4    the written decision by the ALJ the final agency decision subject to judicial review. AR. 1-6. *See*

5    20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's

6    written decision in November 2017. Dkt. 4. Defendant filed the sealed administrative record

7    regarding this matter ("AR.") on February 12, 2018. Dkt. 8.

8        In plaintiff's Opening Brief, plaintiff raises the following issue: whether the ALJ erred in

9    excluding limitations recommended by state agency psychological consultants, Edward Beaty,

10   Ph.D. and Eugene Kester, M.D. Dkt. 10 at 1.

11                            STANDARD OF REVIEW

12       Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of

13   social security benefits if the ALJ's findings are based on legal error or not supported by

14   substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th

15   Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

16                              DISCUSSION

17   I.    Whether the ALJ erred in excluding limitations recommended by the state agency
           psychological consultants.

18

19       Plaintiff argues that the ALJ erred by improperly excluding social and adaption

20   limitations found by state agency psychological consultants, Edward Beaty, Ph.D. and Eugene

21   Kester, M.D. Dkt. 10 at 3-6. Specifically, plaintiff contends that the ALJ erred in his

22   consideration of the social limitations related to public contact and failed to consider the adaption

23   limitations found by Drs. Beaty and Kester. *Id.*

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 3

1    The ALJ "may reject the opinion of a non-examining physician by reference to specific

2 evidence in the medical record." *Sousa v. Callahan*, 143 F.3d 1240, 1244 (9th Cir. 1998) (citing

3 *Gomez v. Chater*, 74 F.3d 967, 972 (9th Cir. 1996)); *Andrews,* 53 F.3d at 1041). However, all of

4 the determinative findings by the ALJ must be supported by substantial evidence. *See Bayliss v.*

5 *Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell*, 161 F.3d at 601); *see also*

6 *Magallanes v. Bowen*, 881 F.2d 747, 750 (9th Cir. 1989) ("Substantial evidence" is more than a

7 scintilla, less than a preponderance, and is such "'relevant evidence as a reasonable mind might

8 accept as adequate to support a conclusion'") (quoting *Davis v. Heckler*, 868 F.2d 323, 325-26

9 (9th Cir. 1989)).

10    In April 2014, Dr. Beaty reviewed plaintiff's file and opined that plaintiff had moderate

11 social and adaption limitations. AR. 104-116. Regarding plaintiff's social limitations, Dr. Beaty

12 opined that plaintiff had moderate limitations regarding his ability to interact appropriately with

13 the general public. AR. 114. Dr. Beaty opined that plaintiff was able to interact with others in a

14 limited fashion, but would do best with superficial interactions with the general public and

15 coworkers. AR. 114. Dr. Beaty also found that plaintiff had moderate adaption limitations, and

16 that plaintiff was moderately limited in his ability to respond appropriately to changes in the

17 work setting and his ability to set realistic goals or make plans independently of others. AR. 114.

18 Dr. Beaty opined that plaintiff could adapt to simple changes, but that plaintiff had a history of

19 not accepting certain changes and blamed others for his situation. AR. 114. Dr. Beaty found that

20 plaintiff did not have any limitations related to understanding, memory, concentration,

21 persistence, or pace. AR. 113-14. In July 2014, Dr. Kester agreed with Dr. Beaty's findings. AR.

22 128.

23

24

The ALJ assigned significant weight to the opinions of Drs. Beaty and Kester. AR. 29.

The ALJ reasoned that their opinions were consistent with the other evidence, supported by

plaintiff's activities of daily living, and confirmed by the findings of consultative examiner, Gary

Sacks, Ph.D. AR. 31. With regard to plaintiff's social limitations, the ALJ stated:

> I see no reason to limit his public contact to occasional for all types of contact as
> determined by the State agency psychological consultants. Given his long history
> in working over the phone jobs and given that his anger with the public seems to
> relate to situational stressors, I believe he can do work that limits him to "occasional
> in-person public contact." Using that limitation, he can perform much of his past
> relevant work, as well.

AR. 32. The RFC states that plaintiff could perform light work involving occasional in-person

public contact, but does not describe any other social or adaption limitations. AR. 29.

The ALJ did not discuss the adaption limitations found by Drs. Beaty and Kester – that

plaintiff was moderately limited in his ability to respond appropriately to changes in the work

setting and his ability to set realistic goals or make plans independently of others, AR. 114, 128,

and provided no reason to reject this portion of their opinions, AR. 31-32. An ALJ "may not

reject 'significant probative evidence' without explanation." *Flores v. Shalala*, 49 F.3d 562, 570-

71 (9th Cir. 1995) (quoting *Vincent v. Heckler*, 739 F.2d 1393, 1395 (9th Cir. 1984) (quoting

*Cotter v. Harris*, 642 F.2d 700, 706-07 (3d Cir. 1981))). The "ALJ's written decision must state

reasons for disregarding [such] evidence." *Flores*, 49 F.3d at 571. Here, the indication from Drs.

Beaty and Kester regarding plaintiff's adaption limitations was significant probative evidence

that the ALJ erred in failing to discuss. *See* AR. 31-32, 114, 128, SSR 96-8p (the RFC

assessment must address non-exertional capacities such as mental abilities (e.g. understanding

and remembering instructions and responding appropriately to supervision)).

Defendant concedes that the ALJ did not specifically discuss the adaption limitations

opined by Drs. Beaty and Kester, but contends that the ALJ "implicitly" rejected the adaption

1  limitations by relying on the opinion of Dr. Sacks and the lay witness statement and finding that

2  plaintiff's impairments would not prevent performance of his past jobs. Dkt. 16 at 6 (citing. AR.

3  28, 31-32).

4          However, as defendant acknowledges, the ALJ did not state that he was rejecting the

5  adaption limitation found by Drs. Beaty and Kester on these bases. *See* AR. 31-32. The Court

6  may draw reasonable inferences from the ALJ's opinion, but cannot consider defendant's *post*

7  *hoc* rationalizations about what the ALJ considered. *See Magallanes v. Bowen,* 881 F.2d 747,

8  775 (9th Cir. 1989). According to the Ninth Circuit, "[l]ong-standing principles of administrative

9  law require us to review the ALJ's decision based on the reasoning and actual findings offered

10 by the ALJ - - not *post hoc* rationalizations that attempt to intuit what the adjudicator may have

11 been thinking." *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v.*

12 *Chenery Corp*., 332 U.S. 194, 196 (1947) (other citation omitted)); *see also Molina v. Astrue*,

13 674 F.3d 1104, 1121 (9th Cir. 2012) ("we may not uphold an agency's decision on a ground not

14 actually relied on by the agency") (citing *Chenery Corp*, 332 U.S. at 196). Nowhere in his

15 decision did the ALJ state that he was deciding that more compelling evidence contradicted the

16 opinions of Drs. Beaty and Kester related to plaintiff's adaption limitations. Rather, the ALJ

17 simply failed to address the issue, and ALJ incorrected stated that the opinions of Drs. Beaty and

18 Kester were consistent with the other evidence and "confirmed by the findings of Dr. Sacks and

19 [Nicholas Branting, M.D.]." AR. 31.

20         Because the Commissioner "may not reject 'significant probative evidence' without

21 explanation," and the ALJ failed to provide a specific and legitimate reason for the failure to

22 credit the entirety of the opinions of Drs. Beaty and Kester, the Court concludes that the ALJ

23 erred. *See Flores*, 49 F.3d at 570-71; *Provencio v. Astrue*, 2012 WL 2344072, *9 (D. Ariz., June

24

1    20, 2012) (finding the ALJ erred by giving "great weight" to a consultative examiner's opinion,

2    yet ignoring parts of the opinion). The Court also concludes that the error is not harmless.

3        The Ninth Circuit has "recognized that harmless error principles apply in the Social

4    Security Act context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012) (citing *Stout v.*

5    *Commissioner*, *Social Security Administration*, 454 F.3d 1050, 1054 (9th Cir. 2006) (collecting

6    cases)). The Ninth Circuit has reaffirmed the explanation in *Stout* that "ALJ errors in social

7    security are harmless if they are 'inconsequential to the ultimate nondisability determination' and

8    that 'a reviewing court cannot consider [an] error harmless unless it can confidently conclude

9    that no reasonable ALJ, when fully crediting the testimony, could have reached a different

10    disability determination.'" *Marsh v. Colvin*, 792 F.3d 1170, 1173 (9th Cir. 2015) (citing *Stout*,

11    454 F.3d at 1055-56).

12        Here, the ALJ failed to fully credit the opinions of Drs. Beaty and Kester regarding

13    plaintiff's adaption limitations. AR. 31-32, 114, 128. Fully crediting the entirety of their opinions

14    likely would lead to a different RFC determination, if not to a finding of disability. Therefore,

15    the Court cannot conclude with confidence "'that no reasonable ALJ, when fully crediting [the

16    adaption limitations opined by Drs. Beaty and Kester], could have reached a different disability

17    determination.' " *Marsh*, 792 F.3d at 1173 (citing *Stout,* 454 F.3d at 1055-56).

18        Plaintiff also argues that the ALJ improperly excluded the social limitations opined by

19    Drs. Beaty and Kester that plaintiff was moderately limited in his ability to interact with the

20    public. Dkt. 10; AR. 114, 128. Because the ALJ's decision may change, in terms of the entire

21    decision and the ALJ's assessment of the remaining portions of the opinions of Drs. Beaty and

22    Kester if he considers and gives weight to the adaption limitations found by Drs. Beaty and

23    Kester that he failed to discuss, the ALJ must reconsider all of the medical evidence on remand.

24

1    Plaintiff will also be able to present new evidence and new testimony on remand. *See* Program

2    Operations Manual System (POMS), GN 03106.036 *Court Remand Orders*,

3    https://secure.ssa.gov/poms.nsf/lnx/0203106036 (last visited September 12, 2018) ("[A] court

4    order vacating the [ALJ's] prior decision and remanding the case to the Commissioner voids the

5    prior decision ... and thus returns the case to the status of a claim "pending" before SSA….The

6    ALJ processes the case in the same way as a regular hearing and issues a decision."); *see also*

7    *Bartlett v. Berryhill*, 2017 WL 2464117, at \*4 (W.D. Wash. June 7, 2017).

8        II.    Remand instructions

9        Plaintiff requests that this case be remanded for further proceedings, and does not seek an

10    award of benefits. Dkt. 10.  On remand, the ALJ is instructed to (1) reconsider all of the medical

11    and non-medical evidence and (2) re-evaluate plaintiff's RFC and findings at steps four and five,

12    if necessary.

13                                        CONCLUSION

14        Based on these reasons, and the relevant record, the undersigned recommends that this

15    matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

16    the Acting Commissioner for further proceedings consistent with this Report and

17    Recommendation.  **JUDGMENT** should be for **plaintiff** and the case should be closed.

18        Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

19    fourteen (14) days from service of this Report to file written objections.  *See also* Fed. R. Civ. P.

20    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

21    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

22    imposed by Rule 72(b), the clerk is directed to set the matter for consideration on October 15,

23    2018, as noted in the caption.

24

REPORT AND RECOMMENDATION ON
PLAINTIFF'S COMPLAINT - 8

1   Dated this 1st day of October, 2018.

4

5   J. Richard Creatura
    United States Magistrate Judge